# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ELVIS WAYNE JONES,**
**# 536937,**

    **Plaintiff,**

vs.                                                Case No. 4:18cv215-WS/CAS

**U.S. NATIONAL FEDERAL**
**DEBT CONTRACTORS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated within the Texas Department of Criminal Justice, has submitted to this Court a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, a motion seeking leave to proceed in forma pauperis, ECF No. 2, and a motion requesting the appointment of counsel, ECF No. 4. Judicial notice is taken that prior to initiating this case, Plaintiff previously had at least three lawsuits dismissed because they were either frivolous or failed to state a claim. See Jones v. West, No. 2:12cv19 (E.D. Tex. Sept. 18, 1997) (dismissed as frivolous); Jones v. Dallas Judicial District Courts, No. 1:98cv1472 (E.D. Tex. Feb. 24, 1999) (dismissed as

frivolous); <u>Jones v. West</u>, No. 1:97cv685 (E.D. Tex. Feb. 17, 1999) (dismissed as frivolous and for failure to state a claim).  Plaintiff should be well aware that he is barred from proceeding with in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  Case number 7:05cv84 was dismissed in the Northern District of Texas on April 27, 2005, because Plaintiff had "three strikes."  More recently, Plaintiff attempted to file a civil rights lawsuit in the Eastern District of Texas, but that case was similarly dismissed on April 26, 2018, because Plaintiff is barred from being granted in forma pauperis status under 28 U.S.C. § 1915(g).[1]  *See* <u>Jones v. TDC Polunsky Disciplinary Capts.</u>, No. 9:18cv006-RC-ZJH.  Thus, Plaintiff knows full well that he is not permitted to proceed in federal court without the full prepayment of the filing fee unless he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To determine whether Plaintiff's in forma pauperis motion, ECF No. 2, should be granted, Plaintiff's complaint has been reviewed.  The complaint

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

is nearly illegible. Those portions which can be read lack any factual allegations which show Plaintiff is in danger. Plaintiff's complaint lacks a clear statement of any meaningful facts. It is, instead, a rambling list of unrelated statements and does not demonstrate either a constitutional violation or that any named Defendant is responsible for harming Plaintiff. Moreover, there are no facts which demonstrate that venue is appropriate in the State of Florida.

Plaintiff has already been denied leave to proceed in forma pauperis based on the fact that Plaintiff has at least three "strikes" under § 1915(g). This case should meet the same fate. Plaintiff has three qualifying dismissals and his complaint does not allege facts which bring him within the "imminent danger" exception. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, should be denied and this action should be dismissed. Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time of filing the complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the

filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that all other pending motions be **DENIED,** and this case be **DISMISSED without prejudice**.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk to note on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2018.

     S/  Charles A. Stampelos
     **CHARLES A. STAMPELOS**
     **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.